UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIAM L. CURTIS, | |
|---|---|
| Petitioner, | |
| v. | Case No. 03-cv-4074-JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner William L. Curtis's ("Curtis") motion to clarify time limitations (Doc. 25) and motion to alter or amend the judgment (Doc. 26).

As a preliminary matter, the Court addresses the nature of Curtis's motion to alter or amend the judgment, which substantively challenges the judgment in this case. Curtis has captioned his motion as pursuant to Federal Rule of Civil Procedure 59(e). However, it is properly considered under Rule 60(b) because it was filed more than ten days after entry of judgment in this case. Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Curtis's motion was filed more than ten days after judgment was entered. Under Rule 6(a), the day of the entry of judgment is not counted in the ten-day period and, since the time period is less than eleven days, intermediate Saturdays, Sundays and legal holidays are not counted either. In this case, judgment was entered on May 9, 2005. Pursuant to Rule 6, the following days were not counted in the ten days: May 9 (day of entry of judgment), 14 (Saturday), 15 (Sunday), 21 (Saturday) and 22 (Sunday). Excluding those days, ten days from entry of judgment was May 23. Curtis's certificate of service and motion to clarify indicates that he placed his motion to alter or amend the judgment into the prison mail system on May 25, 2005. This is the critical date for prisoners like Curtis, who are entitled to the benefit

of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Nevertheless, Curtis's May 25 motion is two days too late to be considered under Rule 59(e).

Curtis argues that the ten-day period should begin on the day he actually received the Court's judgment – May 13, 2005. However, Rule 59(b) states that the ten-day period begins "after entry of the judgment," not the day the litigant actually receives the judgment. Any timing benefit to which Curtis is entitled because of his prisoner status is found in the mailbox rule, which is relevant only on the other end of the ten-day period and which offers Curtis no relief for his untimely filed motion. For these reasons, the Court will consider Curtis's motion under Rule 60(b).

It is also necessary to clarify a jurisdictional issue raised by the filing of a Rule 60(b) motion in a § 2255 proceeding. Generally, a Rule 60(b) motion that seeks relief based on a mistake of law after a § 2255 petition has been resolved constitutes a successive petition subject to the certification requirement of § 2255. *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002), *cert. denied sub nom Dunlap v. Frank*, 539 U.S. 962 (2003). However, there is an exception to this general rule where the Rule 60(b) motion is filed before the judgment becomes final. *See Thomas v. United States*, 328 F.3d 305, 307 (7th Cir.), *cert. denied*, 540 U.S. 908 (2003); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999). "A timely request for reconsideration is a motion in the original case, not a disguised effort to start a new case." *Thomas*, 328 F.3d at 307. The Court does not believe the recent Supreme Court decision of *Gonzalez v. Crosby*, Case No. 04-6432, 2005 WL 1469516 (U.S. June 23, 2005), alters this rule. *Gonzalez* spoke of Rule 60(b) motions that challenged a final judgment, but judgments that are still appealable have not yet become final and do not yet "count" as a first proceeding for the § 2255 counter. *Johnson*, 196 F.3d at 805. Because Curtis filed his Rule 60(b) motion before the time to appeal had run and advanced no new arguments in it, it is not considered to be a successive petition, and the Court has jurisdiction to consider it.

As for the substance of Curtis's motion, it is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)); *see Gonzalez*, 2005 WL 1469516 at *7. Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).

In his motion, Curtis simply rehashes his old arguments (albeit this time with specific reference to the Court's order disposing of this case) and has not established the exceptional circumstances that would justify relief from judgment. Rule 60(b) relief is therefore not warranted.

For the foregoing reasons, the Court **DENIES** Curtis's motion to clarify (Doc. 25) and motion to alter or amend judgment (Doc. 26).

**IT IS SO ORDERED.**
**DATED: June 30, 2005**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**